## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANIEL JOSEPH PIACENTE,<br>                Appellant, | DOCKET NUMBER<br>AT-0752-24-0381-I-1 |
| v. | |
| FEDERAL DEPOSIT INSURANCE<br>     CORPORATION,<br>                Agency. | DATE:  July 28, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun C. Southworth, Esquire, and Georgia Lawrence, Esquire,
    Atlanta, Georgia, for the appellant.

Eric S. Gold, Esquire, Arlington, Virginia, for the agency.

Jill Weissman, Esquire, New York, New York, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal based on a charge of lack of candor.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant argues that the administrative judge misapplied the standard for lack of candor and that, for the administrative judge to sustain the lack-of-candor charge, the agency was required to prove that the appellant intentionally omitted or provided inaccurate information about his 2019 termination on his declaration for employment. Petition for Review (PFR) File, Tab 1 at 4-5. However, the administrative judge correctly noted that to prove lack of candor, the agency must show that (1) the employee gave incorrect or incomplete information, and (2) he did so knowingly. Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 4-5; *see Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). Lack of candor "is a broader and more flexible concept" than falsification and need not involve an "affirmative misrepresentation, but 'may involve a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete.'" *O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 13 (2016) (quoting *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002) (minor errors in quotation in *O'Lague*

corrected here)), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017). Thus, the agency was not required to establish that the appellant intentionally deceived the agency as an element of its lack-of-candor charge.

The appellant also reargues that he did not knowingly provide inaccurate or incomplete information and that it was a miscommunication because the agency told him he was eligible to be rehired in the federal government. PFR File, Tab 1 at 5. However, the administrative judge considered and rejected this claim, explicitly crediting the testimony of the Team Lead that the appellant understood that he was being terminated the day the Team Lead gave the appellant his termination letter over the appellant's testimony to the contrary. ID at 5-7. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

Lastly, the appellant reargues on review that the deciding official did not consider or improperly weighed mitigating factors, including his prior work history and lack of prior discipline. PFR File, Tab 1 at 5. Among other aggravating factors, the deciding official considered the seriousness of the misconduct, the effect of the misconduct on his supervisor's trust in the appellant, and the appellant's 2019 termination for reasons related to his lack of honesty and trustworthiness. ID at 11; IAF, Tab 10 at 18-19. In her initial decision, the administrative judge did not address if the deciding official's consideration of this prior disciplinary action comported with the requirements set forth in *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335 (1981). There, the Board held that its review of a prior disciplinary action in determining if it may be considered in a penalty analysis is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the

charges before a higher level of authority than the one that imposed the discipline. *Bolling*, 9 M.S.P.R. at 339-40. Although the appellant's 2019 termination notice and the Standard Form 50 documenting that termination were in writing and a matter of record, it is not clear on the record before us whether the appellant was permitted to dispute that probationary termination before a higher level of authority. IAF, Tab 10 at 28-30. In any event, the administrative judge here considered the appellant's lack of prior discipline a mitigating factor but nevertheless determined that it did not outweigh the seriousness of the appellant's offense and thus, that removal was warranted. ID at 12; *see Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶¶ 2, 6, 8 (2005) (finding that removal was a reasonable penalty for conspiracy and lack of candor, despite the significant mitigating factors of the appellants' performance records and years of service, noting that lack of candor is a serious offense that strikes at the heart of the employer-employee relationship). Thus, we agree with the administrative judge that, even if we do not consider the appellant's 2019 termination, the penalty of removal is reasonable.

Thus, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.